OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for a new trial.
The trial court refused defendant’s request to rule that plaintiff was a public figure. We agree with the Appellate Division that this was error and that, as a matter of law, plaintiff was a public figure.* The critical consideration in *882 this case is whether the evidence demonstrates that plaintiff had taken affirmative steps to attract personal attention or had strived to achieve a measure of public acclaim (James v Gannett Co., 40 NY2d 415, 422). Plaintiff’s candid admissions, briefly summarized, are telling. By his own estimation he was one of the best known writers at Sports Illustrated because he wrote about professional football, which he classified the most widely read feature of the magazine. He had been in the writing field since 1937, and had been a sports writer for Sports Illustrated from 1956 until 1975 — during which time he continuously had a by-line for his articles. He covered professional and college football, basketball, track and field, the Olympics and championship boxing. In 1959, 1963 and 1972 certain of his articles were republished in the compendium “Best Sports Stories of the Year”. He authored numerous works of fiction and nonfiction, including three editions of the history of professional football, a biography of former Green Bay Packer quarterback Bart Starr, and 10 novels for teen-agers about football and baseball. He testified that, all together, he has produced 28 books, one of which was selected for distribution by the Junior Literary Guild and another by the Reader’s Digest Condensed Book Club. He acknowledged that he was listed in both Who’s Who in the East and Who’s Who in America and that he had been a member of the Authors Guild and the Writer’s Guild of America. He stated that he had made numerous public appearances to speak on sports and had appeared many times on television, including the Today Show and half-time programs at football games. And he had received a number of awards for his books and stories. All of this came from plaintiff’s own lips.
On this evidence, the credibility of which plaintiff cannot claim is in issue, we conclude that the standard of James was met as a matter of law. The product of plaintiff’s craft — his books, articles and personal appearances— were obviously designed to project his name and personality before millions of readers of nationally distributed magazines and millions of television’s viewers and to establish his *883 reputation as a leading authority on professional football. In short, plaintiff not only welcomed but actively sought publicity for his views and professional writing and by his own purposeful activities thrust himself into the public eye. He had become a public personality.
Because plaintiff was a public figure the liability, if any, of defendants would turn on whether it was determined that Treadwell made the statements with knowledge of their falsity or did so in reckless disregard of the truth (New York Times Co. v Sullivan, 376 US 254, 279-280; Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379). The trial court did not charge this standard, applicable to defamation of public figures, and obviously the jury did not consider the case on this standard. In view of the trial court’s ruling that plaintiff was not a public figure, it would have been but a futile gesture to have mouthed a request for such a charge. The issue was preserved for our review by the express request for a ruling that plaintiff was a public figure, and the registration of further protest became unnecessary when the court denied that request.
Because, in consequence of the errors of law cited (and we pass on no other issues), the case was tried and decided under incorrect principles of law the case should be remitted to Supreme Court for a new trial.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuohsberg and Meyer concur.
Order reversed, with costs, and case remitted to Supreme Court, New York County, for a new trial in a memorandum.

 In view of our determination that plaintiff was a public figure as a matter of law, we have no occasion to consider or address the question whether a *882 plaintiff’s status in an action for defamation should be determined by the court or by the jury or by both (see, e.g., Rosenblatt v Baer, 383 US 75, 88; Restatement, Torts 2d, § 619; Prosser, Torts [4th ed], § 115, p 796).