■ ITHACA COLLEGE, Appellant, v YALE DAILY NEWS PUBLISHING CO., INC., Doing Business as YALE DAILY NEWS, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered November 17, 1980 in Tompkins County, which granted defendants' motion for summary judgment. Plaintiff, a liberal arts college with an enrollment of approximately 2,000 students, instituted the instant libel action against defendants as a result of an article appearing in a book published by defendant Berkley Publishing Corporation. The following passages contained in the book and

expressing evaluations of student life at plaintiff Ithaca College are alleged to be false and defamatory: "Sex, drugs, and booze are the staple of life * * * Sex is casual, and formal dating is unheard of; the pickup scene thrives in Ithaca * * * The use of pot is a foregone conclusion, and cocaine occasionally manages to wend its way into the hands of those who can afford it. Speed and downers are common". Special Term dismissed the complaint concluding, *inter alia,* that the complained of language was not libelous per se and the *ad damnum* clause of the complaint lacked factual support. This appeal ensued and plaintiff raises several issues in urging reversal. It is well established that unless the complained of language is libelous per se, special damages must be pleaded with sufficient particularity to demonstrate that a viable cause of action in defamation exists (*Morrison v National Broadcasting Co.,* 19 NY2d 453, 458; 35 NY Jur, Libel and Slander, § 169). The instant complaint contains no such particularizations. In considering whether the complained of language is libelous per se, it is for the court to determine if there is a reasonable basis for drawing a defamatory conclusion (*James v Gannett Co.,* 40 NY2d 415, 419). We conclude not. While the language may be offensive to the officials of the college, a fair reading of it reveals that it does not refer to the institution itself nor its academic offerings, but rather to various private, nonacademic, "social" activities carried on by a segment of the student body. Consequently, the mere statement that members of the student body use drugs and alcohol and casually engage in sex, absent statements or inferences that the college itself condoned or sanctioned these activities by the students, is not, in our opinion, libelous per se. In view of this determination, it is unnecessary to pass on the other issues raised. The order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.