■ FRANK SPALIK, Appellant, v ANTONIO J. LONA, JR., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered March 17, 1983 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint. Plaintiff and defendants were the three tax assessors of the Town of Windsor, Broome County. For about a year, grave differences arose between plaintiff and defendants, with the result that each faction performed its functions independently of the other. Practically nothing was done by the board of assessors as a body. One of the duties of the board of assessors was to annually accept requests for and to certify assessment exemptions of taxpayers 65 years of age and older with incomes below a statutory maximum. From a list of prior exempted taxpayers, plaintiff mailed forms to all such taxpayers to be completed and returned. This was done unilaterally with instructions that the forms, when completed, should be returned to the appropriate post-office box in care of F. Spalik, plaintiff herein. Defendants discovered that a number of previously designated eligible exempted taxpayers were noted on the tax rolls without exemption. They, thereafter, caused to be printed in a newspaper of local circulation a notice as follows: "Anyone that filed an AGED EXEMPTION RENEWAL for partial exemption of County, town, and schoold [*sic*] taxes in 1980, and mailed them '% Frank Spalik' please check your tax bill to insure you received your exemption or check with the following Assessors: Wayne McClure 655-1062, or Antonio J. Lona, Jr., 655-1220. These Assessors will be in the Windsor Assessors Office, Friday, Sept. 19, 1980, to answer questions and help those that are entitled to an exemption with the proper forms. We are sorry for any inconvenience that this error has caused anyone." This notice was signed by defendants and not by plaintiff. Plaintiff commenced this action alleging that the notice defamed his character by "intimating" that he had failed to process certain applications of senior citizens for tax exemptions. He does not deny that because of error certain applications were not processed. His sole contention is that the notice implies that the error was his. Defendants moved for summary judgment dismissing the complaint. Special Term held, after having examined all of the evidence, which consisted of affidavits, an examination before trial and answers to interrogatories as well as the notice itself, that the notice contained no false statements of fact and that the language of the notice was not reasonably susceptible of a defamatory connotation, as a matter of law.

We agree. The thrust of plaintiff's argument on this appeal is that he has established defamation by his proof of extrinsic facts. We find this argument to be without merit. To establish a cause of action for defamation, the words used must be reasonably susceptible of a defamatory meaning without strained or artificial construction (*James v Gannett Co.*, 40 NY2d 415, 419; *Tracy v Newsday, Inc.*, 5 NY2d 134, 136). The mere fact that an error has been committed, in and of itself, cannot be construed as defamatory even if defendants had attributed the error to plaintiff. It is manifestly clear, however, that the notice involved in this case did not charge plaintiff with any error which may have occurred. The only reference to plaintiff contained in the notice was to identify an address that may have been used by the aggrieved taxpayers (see *Ithaca Coll. v Yale Daily News Pub. Co.*, 85 AD2d 817). In view of this determination, it is unnecessary to pass on the other issues raised. The order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.