■ SLIFER-WEICKEL, INC., et al., Appellants, v METEOR SKELLY, INC., et al., Respondents, et al., Defendant.

The plaintiff, Slifer-Weickel, Inc., of which the plaintiff Herbert Slifer is the president and principal shareholder, is a sales commission broker and manufacturer's representative engaged in the business of the marketing and distribution of health and beauty products. The defendants Meteor are competitors of the plaintiffs and the defendant Michael E. Bagley is the former eastern regional manager for Chesebrough-Ponds Inc. (hereinafter Ponds), a national manufacturer of health and beauty products. Ponds was Slifer-Weickel's principal client for 11 years. In June 1981 after Herbert Slifer accepted the offer of his friend Lawrence Ferolie to form a new company, Slifer-Ferolie, of which he was to be the president of the health and beauty division, Slifer-Ferolie succeeded to the Ponds account. Slifer-Ferolie retained the Ponds account until 1984, when Ponds elected to engage its own in-house sales force.

By a complaint dated May 16, 1984, the plaintiffs commenced this suit against the defendants Meteor and Bagley asserting, in relevant part, causes of actions based upon allegations of (1) tortious interference with the plaintiffs' business relations with Ponds, (2) tortious interference with the performance of the plaintiffs' contract with Ponds, (3) prima facie tort, and (4) a violation of Penal Law § 180.03 (commercial bribing in the first degree) against Meteor. The gravamen of the complaint was Herbert Slifer's conclusory allegations that prior to the formation of Slifer-Ferolie in 1981, there were rumors in the industry that Slifer-Weickel might lose the Ponds account; that Bagley had made unspeci-

fied disparaging remarks to unidentified officials of Ponds about Slifer-Weickel's performance; that Bagley met with Meteor ostensibly for the purpose of replacing Slifer-Weickel with Meteor as Ponds' representative; that Bagley had acquired a BMW automobile which was registered at the address of the private residence of Meteor's president; and that Bagley had called Ferolie, telling him there would be no assurance that the Ponds account would be transferred to the newly created company.

Our review of the papers submitted with respect to Meteor's motion for summary judgment indicates that the Supreme Court properly dismissed the first two causes of action against Meteor, to wit, tortious interference with the plaintiffs' business relations with Ponds and tortious interference with the performance of the plaintiffs' contract with Ponds. With regard to the cause of action based upon the alleged tortious interference with the plaintiffs' business relations with Ponds, the plaintiffs were required to offer proof, in relevant part, of the use of "unlawful means" by Meteor or "if lawful means are used * * * the interference is the infliction of intentional harm * * * and done without excuse or justification" (32 NY Jur, Interference, § 40, at 196; see, NRT Metals v Laribee Wire, 102 AD2d 705, appeal dismissed 63 NY2d 770). In support of their cause of action to recover for tortious interference with the performance of their contract with Ponds, the plaintiffs had to offer proof, in relevant part, that Meteor had interfered with the plaintiffs' contract with Ponds with the intent to harm the plaintiffs, without economic or other lawful excuse or justification (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 282).

Since the plaintiffs failed to present any evidentiary facts sufficient to create a triable issue as to their conclusory allegations of unlawful conduct, unjustifiable intentional conduct or malice on the part of Meteor, the causes of action for tortious interference with business relations and tortious interference with the performance of a contract were properly dismissed as against Meteor.

As to the third cause of action, it is noted that the four elements of a prima facie tort are (1) the intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise be lawful (see, Curiano v Suozzi, 63 NY2d 113, 117). "[T]here is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act or * * * unless defendant acts from 'disinterested malevolence' "

*(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333, quoting from *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358). Neither the allegations in the complaint nor Slifer's testimony at his examination before trial evidenced any malice or "disinterested malevolence" on the part of Meteor. Therefore, this cause of action was also properly dismissed as against Meteor.

With respect to the cause of action based upon a violation of Penal Law § 180.03, the plaintiffs failed to properly assert such a claim as against Meteor.

In addition, the plaintiffs' motion, although denominated by the plaintiffs as one to "renew and/or reargue" was, in effect, a motion for reargument since no new matter was presented which was unavailable to them prior to the original motion. Since no appeal lies from the denial of a motion to reargue, the appeal from the order of May 8, 1987, is dismissed.

The other contentions raised by the plaintiffs are either without merit or need not be considered in light of our determination. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.