■ ANDREW DATLOW et al., Respondents, v PALETA INTERNATIONAL CORPORATION, Appellant, et al., Defendant. [605 NYS2d 119] —In an action, *inter alia,* to recover damages for breach of contract, fraud, and tortious interference with business relations, the defendant Paleta International Corporation appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 18, 1990, as denied that branch of its motion which was to dismiss the third and fourth causes of action alleging tortious interference with business relations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is

dismissed insofar as it is asserted against the defendant Paleta International Corporation, and the action against the remaining defendant is severed.

We find that the third and fourth causes of action failed to state legally cognizable claims to recover damages for tortious interference with business relations.

In addition, in order to successfully oppose the appellant's application for summary judgment with regard to those causes of action, the plaintiffs were required to offer proof in admissible form, *inter alia,* that the alleged interferer used unlawful means or that the interference by lawful means constituted the infliction of intentional harm done without excuse or justification *(see, Slifer-Weickel v Meteor Skelly,* 140 AD2d 320). The Supreme Court improperly concluded that there were triable issues of fact with respect to the plaintiffs' causes of action sounding in tortious interference with business relations. The plaintiffs have failed to present any evidentiary facts sufficient to create a triable issue as to their conclusory allegations of tortious interference with business relations *(see, Slifer-Weickel v Meteor Skelly, supra; NRT Metals v Laribee Wire,* 102 AD2d 705). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.