■ MARILYN FINE, Appellant, v DUDLEY D. DOERNBERG & Co., INC., et al., Respondents. (And a Third-Party Action.) [610 NYS2d 566] —In an action to recover damages for tortious interference with precontractual relations, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 30, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly concluded that there are no triable issues of fact with respect to the plaintiff's cause of action sounding in tortious interference with precontractual relations. In order to successfully oppose the defendants' motion for summary judgment, the plaintiff was required to offer proof in admissible form that "[she] *would* have received a contract but for the malicious, fraudulent and deceitful acts of [the defendants]" *(Union Car Adv. Co. v Collier,* 263 NY 386, 401, *remittitur amended* 264 NY 599; *see also, Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915). "The requirements for establishing liability for interference with prospective contractual relations are more demanding than those for interference with [the] performance of an existing contract" *(Gertler v Goodgold,* 107 AD2d 481, 490, *affd* 66 NY2d 946, citing *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183).

Here, the plaintiff failed to offer any evidentiary proof that she would have entered into a contract for the sale of real

property but for the defendants' alleged tortious interference. Thus, the plaintiff's conclusory allegations of tortious interference with precontractual relations are insufficient to defeat the defendants' motion for summary judgment *(see, Datlow v Paleta Intl. Corp.,* 199 AD2d 362; *Mogull Music Corp. v Madison-59th St. Corp.,* 162 AD2d 336 ). Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.