■ SANDY GOLDBERG et al., Appellants, v BELL ATLANTIC et al., Respondents. [761 NYS2d 481] —In an action to recover damages for intentional interference with prospective economic advantage, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), entered May 1, 2002, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting

the provision thereof granting that branch of the motion which was to dismiss so much of the complaint as alleged that the defendants intentionally interfered with the plaintiffs' business relationship with Phil Griffen, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

To establish a claim for intentional interference with prospective economic advantage, "a plaintiff must demonstrate that the alleged interferer used unlawful or improper means or that the interference by lawful means constituted the infliction of intentional harm done without excuse or justification" (*Bogdan v Peekskill Community Hosp.*, 211 AD2d 692, 693 [1995], citing *Alexander & Alexander v Fritzen*, 68 NY2d 968, 969 [1986]; *see also Datlow v Paleta Intl. Corp.*, 199 AD2d 362 [1993]). The complaint informed the defendants of the incidents complained of regarding the advertiser Phil Griffin and was pleaded in sufficient detail (*see Lanzi v Brooks*, 43 NY2d 778, 780 [1977]).

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed their claim for intentional interference with prospective economic advantage on the ground of res judicata insofar as it relates to advertisers other than Griffin (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Florio, J.P., H. Miller, Adams and Rivera, JJ., concur.