■ LONG ISLAND UNIVERSITY, Respondent, v GRUCCI FOR CONGRESS, INC., Appellant. [781 NYS2d 148]—

In an action, inter alia, to recover damages for libel and slander, the defendant appeals from an order of the Supreme

Court, Nassau County (Cozzens, J.), dated June 18, 2003, which denied its motion for summary judgment dismissing the complaint, without prejudice to its renewal upon completion of discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the causes of action for interference with prospective economic advantage and intentional interference with a contract and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's causes of action to recover damages for libel and slander. Since the plaintiff is a public figure (*see James v Gannett Co.,* 40 NY2d 415, 421-422 [1976]; *Maule v NYM Corp.,* 54 NY2d 880 [1981]; *Ithaca Coll. v Yale Daily News Publ. Co.,* 105 Misc 2d 793 [1980], *affd* 85 AD2d 817 [1981]), it was required to show that the challenged statements were made with actual malice (*see New York Times Co. v Sullivan,* 376 US 254, 280 [1964]; *Sweeney v Prisoners' Legal Servs. of N.Y.,* 84 NY2d 786 [1995]). While the defendant established its prima facie entitlement to judgment as a matter of law dismissing those causes of action, in opposition, the plaintiff raised a triable issue of fact.

However, the causes of action to recover damages for interference with prospective economic advantage and intentional interference with a contract should have been dismissed. The defendant established its entitlement to judgment as a matter of law dismissing those causes of action through its president's affidavit. In opposition, with respect to the cause of action to recover damages for intentional interference with a contract, the plaintiff failed to raise a triable issue of fact as to the existence of a valid contract (*see Roer v Cross County Med. Ctr. Corp.,* 83 AD2d 861 [1981]; *Wayne Distribs. v Noonan,* 204 AD2d 421 [1994]). The plaintiff also failed to raise a triable issue of fact with respect to the cause of action to recover damages for interference with prospective economic advantage by failing to submit evidence that there was "a reasonable certainty" a contract would have been entered into but for the defendant's interference (*see Union Car Adv. Co. v Collier,* 263 NY 386, 401 [1934]; *Fine v Doernberg & Co.,* 203 AD2d 419 [1994]).

The defendant's remaining contentions are without merit. Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.