**PKG GROUP, LLC, a Delaware limited liability company, Plaintiff,**

v.

**GAMMA CROMA, S.p.A., an Italian corporation, and Renato Ancorotti, an individual, Defendants.**

**No. 06 Civ.2095(JSR).**

United States District Court, S.D. New York.

Aug. 29, 2006.

Eric P. Early, Christensen Miller Fink Jacobs Glaser Weil & Shapiro LLP, Los Angeles, CA, Lawrence Owen Kamin, Willkie Farr & Gallagher LLP, New York City, for Plaintiff.

Steven M. Bierman, Sidley Austin LLP, New York City, for Defendants.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

After the Court dismissed plaintiff's original claim for tortious interference with prospective economic advantage, but without prejudice to re-pleading, the plaintiff's repleaded it as Count 3 of their Amended Complaint. By motion dated July 19, 2006, defendants moved to dismiss the amended claim, and, following briefing, the Court heard oral argument on August 22, 2006 and reserved decision.

■■■ This tort is a difficult one to sustain, with requirements " 'more demanding than those for interference with [the] performance of an existing contract.' " *Fine v. Dudley D. Doernberg & Co.*, 203 A.D.2d 419, 419, 610 N.Y.S.2d 566 (N.Y.App.Div. 1994) (2d Dept.) (quoting *Gertler v. Goodgold*, 107 A.D.2d 481, 490, 487 N.Y.S.2d 565 (N.Y.App.Div.1985) (1st Dept.)). A plaintiff must prove that "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir.2003). In all but the most egregious circumstances, "dishonest, unfair, or improper means" must amount to misconduct that constitutes either a crime or an independent tort. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190–91, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004). Defendants argue that plaintiff, PKG Group LLC ("PKG"), has failed to allege the requisite malice or wrongful means.

■■■ As to malice, the Amended Complaint alleges, in paragraph 18 (incorporated by reference in Count 3), that the misconduct said to constitute the tortious interference here in issue was "designed" by defendants to "enable Gamma [the corporate defendant] to profit directly from PKG's exclusive customers by cutting out PKG as 'the middleman' for the ultimate purpose of harming PKG." First Amended Complaint ¶ 18(c). Since acts motivated by economic self-interest are not ones taken solely out of malice, *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004), the Court hereby grants defendants' motion *to the extent* that PKG's claim purports to be based on the alternative of acting "solely out of malice," *Carvel Corp.*, 350 F.3d at 17.

■■■ As to wrongful means, the Court respectfully disagrees with those courts that have seemingly suggested that simply reciting conclusory words like "dishonest, unfair, or improper means," is sufficient to sustain a tortious interference claim on a Rule 12(b)(6) motion. *See, e.g., AIM Int'l Trading, LLC v. Valcucine S.p.A.*, No. 02 Civ. 1363, 2003 WL 21203503, at *8 (S.D.N.Y. May 22, 2003). Although the liberal pleading standards of Rule 8, Fed. R.Civ.P., require nothing more than simple notice pleading, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Pelman v. McDonald's Corp.*, 396 F.3d 508, 512 (2d Cir. 2005), a complaint must state enough details regarding the claim asserted to provide a defendant with fair notice of what kind of misconduct is alleged. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■■■ Here, the allegations of such misconduct, taken, as they must be, most favorably to plaintiff, assert that defendants (1) made certain false statements to Estee Lauder and Pierre Fabre about PKG's conduct, *see* First Amended Complaint ¶¶ 19(a), 53, and (2) "covertly undercut PKG's image and reputation" with Pierre Fabre, Estee Lauder, Victoria's Secret and Smashbox Cosmetics, *id.* ¶ 20. Given the

limited demands of Rule 8, these are sufficient, albeit barely, to provide fair notice to defendants as to the conduct upon which PKG bases its claim.[1] Accordingly, defendants' motion is denied as it relates to wrongful means, and PKG may proceed with its tortious interference claim on that basis. The Court will limit the claim to the two theories of misconduct stated above, however, since there is no other theory on which fair notice has adequately been provided.

SO ORDERED.

---

1. Plaintiff's allegations, though referencing tortious conduct, do not amount to averments of fraud that arguably might trigger Rule 9(b), Fed.R.Civ.P., because there is no claim that the purported representations by defendants were made with the intent to defraud the third parties of any money or property.