David Kusnetjz, J.
Motion by the defendants Samuel L. Teitler and Temple Isaiah to dismiss the complaint for legal insufficiency.
In construing a publication alleged to be libelous, the scope and object of the whole article must be considered, and such construction put upon its language as would naturally be given to it. (More v. Bennett, 48 N. Y. 472.) A fair reading of the entire letter signed by the defendant Dolinger, which is the basis of the first cause of action, leads the court to the conclusion that the statements complained of are not actionable per se and may not be made so by the innuendoes alleged in paragraph “ 7 ”. Words which are not libelous in themselves cannot be made so by innuendo. (Hays v. American Defense Soc., 252 N. Y. 266, 269; O’Connell v. Press Pub. Co., 214 N. Y. 352, 360; Fleischmann v. Bennet, 87 N. Y. 231.)
Nor is the second cause of action sufficient merely because the plaintiff has alleged therein that the publication of the letter caused ‘ ‘ his business associates to terminate the then two pending financial promotions, undertakings and joint ventures which would have resulted in financial gains to him of $50,000.00 each, because of their loss of confidence in him ”. Where a publication is not defamatory upon its face, the plaintiff is required “ to plead and prove special damage arising from injury to * * * [his] business as a result of the publication of words, however falsely or maliciously spoken or written ”. (Frawley Chem. Corp. v. Larson Co., 274 App. Div. 643, 644, and the authorities therein cited.) The conclusory allegation of temporal damage allegedly sustained by the plaintiff as the result of the publication of the letter here involved is insufficient to spell out the cause purported to be stated in the second cause of *593 action. To state such a cause of action, the plaintiff must plead his special damages with such particularity as would enable the defendant to meet the same (Reporters’ Assn. v. Sun Print. & Pub. Assn., 186 N. Y. 437, 442), by giving “ a plain and concise statement of the material facts * * * but not the evidence by which they are to be proved ” (Civ. Prac. Act, § 241). The general allegation of special damages contained in the second cause of action is clearly insufficient without revealing the names of the business associates who terminated the alleged financial promotions, undertakings and joint ventures and the nature and status thereof at the time of the publication of the letter. As presently alleged, the special damages claimed by the plaintiff are left to the realm of speculation. (National Organization Masters, Mates & Pilots v. Curtis Pub. Co., 81 N. Y. S. 2d 920, 922; Philipp Co. v. New Yorker Staats-Zeitung, 165 App. Div. 377; Trachtenberg Bros. v. Henrietta Stein Inc., 64 N. Y. S. 2d 565.)
Accordingly, each of the two causes of action alleged in plaintiff’s complaint is dismissed. Leave to replead the second cause of action will not be granted inasmuch as the letter involved was signed only by the defendant Alexander M. Dolinger (who has not challenged the pleading) and there is nothing in the letter nor in any of the allegations of the complaint showing that it was written and published under authority conferred by the movants upon said Dolinger so to do.
Submit order.