Marcus Gr. Christ, J.
The defendants in an action to recover damages for alleged slander and libel move to dismiss each of the two causes of action contained in the complaint pursuant to subdivision 4 of rule 106 of the Civil Practice Act.
As to the first cause of action (slander) the motion is denied. The Funk & Wagnall’s New Standard Dictionary of the English Language (1936 ed.) defines a “confidence man ” as “ one who practices or assists in a confidence game ”. The same source defines a “confidence game” as “ a swindler’s operation of robbing or cheating a person whose confidence he has gained ”. Accusing a person of being a “confidence man” constitutes slander per. se and no allegation of innuendo is required to explain that the accusation means that the person accused has committed an offense which is a punishable crime (cf. Penal Law, § 1290; People v. Simmons, 125 App. Div. 234; Notarmuzzi v. Shevack, 108 N. Y. S. 2d 172, 174-175).
The statements complained of in the second cause of action (libel) are not- actionable per se. The plaintiff has not pleaded special damages except in conclusory form. In Frawley Chem. Corp. v. Larson Co. (274 App. Div. 643, 644) the court said: “ It would serve no useful purpose to review the many cases which have been decided holding that it is necessary to plead and prove special damage arising from injury to a plaintiff’s business as a result of the publication of words, however falsely or maliciously spoken or written, if they were not defamatory upon their face but require to be shown to have been so by extrinsic evidence.”
The conclusory allegation of damage in paragraph “ 15 ” of the complaint is insufficient to spell out the cause purported *261 to be stated in the second cause of action (Levine v. Teitler, 6 Misc 2d 592). The motion is granted as to the second causé of action with leave, however, to replead if the plaintiff is so advised.
Settle order on notice.