Owek McG-iverx, J.
This action is founded on defendant’s publication of the following:
“ ‘ Mad Avenue ’ Blocked

%

‘11 Mad Avenue ’, a scheduled spring musical, has dissolved in rehearsal. Listed for a June 8 opening here with recording star Frankie Laine heading the cast, the project was abandoned over the weekend. The dancers had been rehearsing for two and a half weeks but the principals had not yet begun practicing. Laine, who had been marking time here for a couple of weeks, has returned to his home on the West Coast, leaving word that he will be available again when and if the show is reactivated
Alleging that plaintiff is the sole producer of “ Mad Avenue ”, the amended complaint sets forth two causes of action, one for libel and one for injurious falsehood. Damages of $1,500,000 are sought in each cause of action.
Defendants move to dismiss each cause of action for insufficiency, and move to strike out the second cause of action for redundancy.
The publication complained of cannot be deemed libelous per se and is therefore not actionable without the pleading of special damages. In Perley v. Morning Tel. Co. (131 App. Div. 599, 602 [1st Dept., 1909], appeal dismissed 196 N. Y. 515 [1909] it was held that a publication that plaintiff had closed his shows because they were unsuccessful “was not libelous per se and the action can only be maintained if the publication had caused special damage. ’ ’ This decision must be followed herein. Plaintiff attempts to distinguish it on the ground that there the publication alleged closing after opening, whereas here the allegation is abandonment before opening. This is a distinction without a difference.
Plaintiff has endeavored in the amended complaint to plead special damages. It is alleged that due to the publication ‘ * various investors in the production * * * have requested that their investments be returned, and * * * various persons * * * have expressed an unwillingness to do business with plaintiff and utilize his services.”
Special damages must be pleaded with particularity, and where the loss of customers or business associates is claimed such customers or associates must be named. (Drug Research Corp. v. Curtis Pub. Co., 7 N Y 2d 435, 440-441 [1960]; Reporters’ Assn. v. Sun Print. Pub. Assn., 186 N. Y. 437, 442 [1906]; Levine v. Teitler, 6 Misc 2d 592 [Supreme Ct., Queens County, 1956].) The instant pleading, naming no names, does not satisfy this strict requirement.
*989 The second cause of action is distinguishable from the first in that it is grounded in negligence rather than defamation. It is in effect an action for injurious falsehood. In Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., 7 A D 2d 441, 444 [1st Dept., 1959], it was said: “ The utterance or furnishing of false and misleading information may be actionable if done * * * so recklessly and without regard to its consequences, that a reasonably prudent person should anticipate that damage to another will naturally follow.”
Inconsistent causes of action may be pleaded. (Civ. Prac. Act, § 258.) The second cause of action may not therefore be stricken as redundant.
Actions for injurious falsehood require allegations of special damage. (Penn-Ohio Steel Corp. v. Allis-Chalmers Mfg. Co., supra, p. 445; same case, 8 A D 2d 808 [1959].) In the second cause of action the allegations of special damage are substantially the same as those quoted above, and must be held insufficient for the reasons above stated.
It may well be that plaintiff will be able to plead special damages in compliance with the requirements laid down in the foregoing authorities, and leave to replead is therefore granted.
Accordingly, the motion is granted to the extent of dismissing each cause of action for insufficiency, with leave to plaintiff to serve a second amended complaint within 10 days from service of a copy of this order with notice of entry thereof. The motion to strike the second cause of action as redundant is denied.