■ CITY OF ALBANY, Respondent, v. J. BURCH McMORRAN, Individually and as Superintendent of the New York State Department of Public Works, et al., Appellants.— Appeal by defendants from an order of the Supreme Court at Special Term in Albany County denying their motion to dismiss the complaint under subdivisions 2 and 4 of rule 106 of the Rules of Civil Practice and granting plaintiff's motion for *pendente lite* injunctive relief. The first cause of action alleged in the complaint is brought by the city in its own behalf and as the representative of its residents to declare invalid the appropriations effected

by the defendant Superintendent of Public Works on March 27, 1962. In the second cause of action, instituted pursuant to article 15 of the Real Property Law, plaintiff as the owner of premises located within the appropriated area seeks to quiet the title to its property. Chapter 1 of the Laws of 1962 appropriated $20,000,000 "for the acquisition of real property for state purposes in the city of Albany in connection with the redevelopment and rehabilitation of the Capital City", authorized and indeed directly mandated the Superintendent of Public Works to make the acquisition in the manner provided by section 30 of the Highway Law. The sum appropriated is sufficient prima facie to sustain the acquisition; if the legislative estimate should fall short in amount the credit of the State is pledged to pay any deficiency. (*Burnham* v. *Bennett*, 141 Misc. 514, affd. 235 App. Div. 751, affd. 259 N. Y. 655; *Pauchoque Land Corp.*, v. *Long Is. State Park Comm.*, 243 N. Y. 15, 27, motion for reargument denied 243 N. Y. 542.) Thus in our view of the case the 1962 statute alone constituted sufficient authority for the defendant Superintendent to make the appropriation. Neither his statements on the formal acquisition maps that the appropriation was made pursuant to earlier statutes which in themselves, as Special Term properly noted, would not have afforded sufficient bases for the exercise of his authority nor his references thereon to the purposes of the acquisition which did not follow the precise legislative language but obviously fell within its compass impaired or curtailed the powers conferred by the 1962 statute. The factual averments of a complaint must be taken as true but, of course, not the legal conclusions drawn by the pleader nor his interpretation of the statutes involved. Allegations upon information and belief that the Superintendent of Public Works on March 27, 1962 did not have on hand for the acquisition of the tract a sum in excess of $20,000,000 present no justiciable issue in the face of a statute making appropriation in this sum by the Legislature of a State whose solvency is not questioned. The other allegations of the complaint are either legal conclusions without factual support or pertain to the exercise of powers delegated to the public official by the Legislature which are not reviewable as here pleaded. (*Cuglar* v. *Power Auth. of State of N. Y.*, 4 Misc 2d 879, affd. 4 A D 2d 801, affd. 3 N Y 2d 1006; *Kaskel* v. *Impellitteri*, 306 N. Y. 73, 80, motion for reargument denied 306 N. Y. 609, cert. denied 347 U. S. 934; *Berman* v. *Parker*, 348 U. S. 26, 33–36.) Order reversed, on the law, and judgment granted defendants dismissing the complaint, without costs. Temporary injunction vacated. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.