SRW Associates, Respondent, v Bellport Beach Property Owners et al., Appellants.

Second Department, July 13, 1987

## APPEARANCES OF COUNSEL

*Lankenau Kovner & Bickford (Harriet K. Dorsen* and *Victor A. Kovner* of counsel), for appellants.

*Block & Hamburger (Richard Hamburger* of counsel), for respondent.

## OPINION OF THE COURT

RUBIN, J.

The plaintiff SRW Associates, the owner of an undeveloped parcel of real property located in East Patchogue, submitted an application to the Planning Board of the Town of Brookhaven to cluster develop the parcel pursuant to Town Law § 281. The Planning Board approved the plaintiff's cluster development subdivision plan, and the matter was scheduled for review by the Town Board of the Town of Brookhaven at a public hearing on October 3, 1984. Prior to the public hearing, the defendants, various civic associations and their officers, caused to be published, orally and in writing, directly and through the media, statements which had the general tenor of urging the public to oppose the plaintiff's application in particular and cluster development applications in general in order to preserve the existing character of the residential neighborhood. Within the statements, the defendants referred to the plaintiff's application as "clustered condominiums", "clustered housing" (apartment buildings, town houses, garden apart-

ments, etc.), and "multiple housing". The plaintiff's application actually requested the clustering of 36 detached, single-family residential units.

Several hundred individuals appeared at the public hearing to oppose the cluster zoning application. On October 16, 1984, the Town Board denied the application. The plaintiff alleged in its amended complaint that its application was denied because of the overwhelming community objections brought about solely as a result of the false and misleading statements of the defendants, which created the impression that the plaintiff sought to erect multiple dwelling structures rather than individual residential units. The plaintiff's complaint alleged causes of action to recover damages for injurious falsehood, prima facie tort and conspiracy, all arising out of the above-stated facts. Additionally, the defendants' answer pleaded a counterclaim to recover damages for malicious abuse of process.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The plaintiff cross-moved to dismiss the counterclaim on the same ground, and for leave to serve an amended complaint. By order dated April 1, 1985, Special Term denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal from that order.

■ Where a cross motion for leave to amend a complaint to correct a defect in pleading is made in response to a motion to dismiss the complaint for failure to state a cause of action and both motions are supported by extrinsic proof, CPLR 3211 (e) requires the court to "focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one" (6 Carmody-Wait 2d, NY Prac § 38:19, at 385; see, Siegel, 1977 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:64, at 14 [1987 Supp Pamph]). For a defendant to be successful on a motion to dismiss pursuant to CPLR 3211 (a) (7) which has not been converted to a summary judgment motion, the evidence submitted by the parties and received for the limited purpose of remedying defects in the complaint (see, Rovello v Orofino Realty Co., 40 NY2d 633; Macey v New York State Elec. & Gas Corp., 80 AD2d 669) must "establish conclusively that [the] plaintiff has no cause of action" (Rovello v Orofino Realty Co., supra, at 636). Moreover, it must be shown that, in light of the evidence presented, "no significant dispute exists" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see, Kaufman v Interna-

*tional Business Machs. Corp.,* 97 AD2d 925, *affd* 61 NY2d 930).
The rule that the facts alleged are presumed to be true and
are to be accorded every favorable inference which can be
drawn therefrom on a motion addressed to the sufficiency of
the pleadings *(see, Morone v Morone,* 50 NY2d 481) does not
apply to allegations consisting of bare legal conclusions, as
well as factual claims either inherently incredible or flatly
contradicted by documentary evidence *(see, Roberts v Pollack,*
92 AD2d 440, 444; *City of Albany v McMorran,* 16 AD2d 1021,
1022).

■ We disagree with Special Term's finding that the
amended complaint sufficiently states a cause of action to
recover damages for injurious falsehood. We find that, as a
matter of law, there was no causation between the alleged
misrepresentation published by the defendants to the mem-
bers of the public prior to the hearing and the Town Board's
denial of the plaintiff's application. There is no allegation that
materially false statements were uttered by the defendants to
the Town Board at the public hearing. The minutes of the
public hearing on the plaintiff's application, which were at-
tached to the motion papers, undisputedly show that the
plaintiff's subdivision proposal for cluster zoning of detached
single-family residences was accurately represented to the
Town Board and to the members of the public who attended
the hearing by an attorney and architect retained by the
plaintiff. After the plaintiff completed its presentation of the
facts regarding its application, the public was given an oppor-
tunity to address the subdivision proposal. Six members of the
community spoke in favor of the application and nine people
spoke in opposition to it for various reasons. The remarks
indicate that those who addressed the Town Board recognized
that the plaintiff intended to build detached, single-family
residences.

In an action to recover damages for injurious falsehood,
special damages must be proved to be the direct and natural
result of the falsehood *(see, Kendall v Stone,* 5 NY 14; *Cro-
marty v Prentice-Hall, Inc.,* 72 AD2d 782, 783; *Penn-Ohio Steel
Corp. v Allis-Chalmers Mfg. Co.,* 28 AD2d 659, *affd* 21 NY2d
916; Restatement [Second] of Torts § 632).

A reading of the minutes of the public hearing conclusively
negates any reasonable basis to support a finding that it is
more likely than not that the defendants' communications to
the public, made *prior to the hearing before the Town Board,*
which allegedly misrepresented the plaintiff's application for

the purpose of generating public opposition to the subdivision proposal, were a cause-in-fact of the denial of its application by the Town Board. It is undisputed that the Town Board heard an accurate representation of the subdivision proposal. The mere possibility of causation (i.e., the Town Board's denial was predicated solely upon public opposition attributable to the alleged published falsehoods) is insufficient. When the matter is one of pure speculation or conjecture, as in this case, a cause of action to recover damages for injurious falsehood does not lie (see, Morrison v National Broadcasting Co., 19 NY2d 453; see generally, Prosser and Keeton, Torts § 41, at 269 [5th ed]; Godd v News Press Publ. Co., 10 Media L Rep 2363).

The direct cause of injury to the plaintiff was the Town Board's denial of its application and not the alleged falsehoods published by the defendants prior to the public hearing. If the plaintiff has suffered any wrong, it was the result of improper action on the part of the Town Board and the only remedy would be a proceeding pursuant to CPLR article 78 to review and set aside the Town Board's determination on the grounds that the Board acted outside its authority, that the determination was arbitrary, capricious and an abuse of discretion, or that it was not supported by substantial evidence.

We also differ with Special Term as to the sufficiency of the remaining two causes of action. It is settled that recovery on a cause of action for prima facie tort is limited to those instances in which the sole motivation for the damaging acts was a malicious intent to injure the plaintiff. It is plain from the record in this case that at least part of the defendants' motivation was to protect their neighborhood from what they perceived to be the potential detrimental effects of the plaintiff's proposed development. As such, maliciousness was not the sole motivating factor and, therefore, a cause of action to recover damages for prima facie tort cannot lie. Accordingly, the plaintiff's second cause of action pleaded in its amended complaint should be dismissed (see, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314; Gould v Community Health Plan, 99 AD2d 479, appeal discontinued 63 NY2d 702).

Similarly inappropriate is the plaintiff's third cause of action, alleging a conspiracy among the various defendants. Allegations of conspiracy are permitted only to connect the actions of the separate defendants with an actionable injury and to show that the acts flowed from a common plan or

scheme. There is no substantive tort of conspiracy *(see, Green v Davies,* 182 NY 499; *Cunningham v Hagedorn,* 72 AD2d 702). Thus, that cause of action should also be dismissed.

Finally, Special Term properly dismissed the counterclaim to recover damages for abuse of process. The mere commencement of an action by service of a summons and complaint does not satisfy the requirement that there be regularly issued process which compels the performance or forbearance of a prescribed act *(see, Curiano v Suozzi,* 63 NY2d 113; *James v Saltsman,* 99 AD2d 797). Accordingly, the order should be modified, on the law, to the extent that the defendants' motion to dismiss the complaint should be granted and that branch of the plaintiff's motion which was for leave to serve an amended complaint should be denied. As so modified, the order should be affirmed, with costs to the defendants.

MOLLEN, P. J., WEINSTEIN and SPATT, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied the defendants' motion to dismiss the plaintiff's complaint and granted that branch of the plaintiff's cross motion which was for leave to amend the complaint and substituting therefor provisions granting the defendants' motion to dismiss the plaintiff's complaint and denying that branch of the plaintiff's cross motion which was for leave to amend the complaint; as so modified, the order is affirmed, with costs to the defendants.