■ Joseph A. Gallagher, Jr., Appellant, v Directors Guild of America, Inc., et al., Respondents.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on July 6, 1987, which granted with prejudice defendants' motion to dismiss the complaint, is unanimously affirmed, without costs or disbursements.

Plaintiff commenced the instant action on or about September 9, 1986 by service of a summons with notice upon respondents Directors Guild of America, Inc. and Alan S. Gordon, an attorney for the Directors Guild. The complaint, which was thereafter served on or about December 12, 1986, alleges that plaintiff was selected by the mutual consent of the Guild and an employer, WPIX, Inc., to arbitrate a labor dispute between them and that on or about January 9, 1984, defendant Gordon, acting in the course of his employment with the Guild, endeavored to bribe plaintiff. Accordingly, plaintiff seeks to recover damages for the severe mental distress caused by the purported bribery attempt. Defendants subsequently moved to dismiss the complaint on the ground that it was not brought within the mandated one-year limitations period prescribed in

CPLR 215 (3). In response, plaintiff contends while it is true that his claim is for the intentional infliction of emotional distress, the appropriate period of limitations is three years as authorized in CPLR 214 (5). The Supreme Court granted the motion to dismiss, and plaintiff has appealed.

CPLR 215 (3) establishes a one-year Statute of Limitations for "an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law". A three-year limitations period, however, is applicable where the action is one "to recover damages for a personal injury except as provided in section 214-b, 214-c and 215" (CPLR 214 [5]). In arguing on behalf of a three-year Statute of Limitations, plaintiff relies upon the fact that CPLR 215 (3) does not specifically mention the tort of intentional infliction of emotional distress. It is, thus, plaintiff's position that the list of intentional torts enumerated in CPLR 215 (3) is exclusive and that all claims for personal injuries not expressly covered by CPLR 215 (3) are controlled by the three-year limitations period contained in CPLR 214 (5).

It appears that every appellate court which has considered the New York statutes at issue here has concluded that a claim for damages for an intentional tort is subject to the one-year limitations period. Therefore, in *Hansen v Petrone* (124 AD2d 782), the court determined that plaintiff's cause of action "which sounds in either abuse of process, malicious prosecution or intentional infliction of emotional distress * * * [is] governed by a one-year Statute of Limitations". In that regard, it should be noted that abuse of process is also not specifically referred to by CPLR 215 (3). The one-year limitations period was applied by the court in *Matter of Parker v Port Auth.* (113 AD2d 763) for claims seeking to recover damages for assault, false arrest and the intentional infliction of emotional distress. In *Weisman v Weisman* (108 AD2d 853), the court, in discussing the counterclaim by defendant therein for intentional infliction of emotional distress, stated that although such a cause of action had been properly pleaded, some of the alleged incidents occurred more than one year before the commencement of the action. The court, thus, allowed the counterclaim only in connection with those alleged occurrences which were timely asserted (that is, which took place within the required one-year time period). Similarly, in *Goldner v Sullivan, Gough, Skipworth, Summers & Smith* (105 AD2d 1149), the court, citing CPLR 215 (3), dis-

missed the seventh cause of action for the intentional tort of infliction of emotional distress as time barred *(see also, Schulman v Krumholz,* 81 AD2d 883).

The operative distinction between the sort of causes of action governed by CPLR 215 and those within the scope of CPLR 214 is whether the particular claim involved is for an intentional tort *(see, Wheeler v State of New York,* 104 AD2d 496, 498) or a tort sounding in negligence *(see, Trott v Merit Dept. Store,* 106 AD2d 158, 159). Moreover, the reason for the difference in treatment between the two types of conduct is easily explainable in part by the fact that the harm caused by an unintentional tort frequently may take some time to become apparent whereas the impact of an intentional tort is generally evident immediately. Since the act complained of by plaintiff—defendants' effort to bribe him and the attendant infliction of emotional distress—would be clearly intentional, the Supreme Court correctly invoked CPLR 215 (3). Concur— Kupferman, J. P., Sullivan, Milonas and Kassal, JJ.