■ ANAMETRICS SERVICES, INC., Respondent-Appellant, v CLIFFORD A. BOTWAY, INC., et al., Appellants-Respondents.— Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered September 20, 1988, denying summary judgment to defendants except with regard to the third cause of action against the individual defendant, and denying plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The parties entered into a restrictive covenant whose authenticity was established by unchallenged expert testimony. Plaintiff's inability to produce the original of that document was overcome by production of a photocopy made in the ordinary course of business (CPLR 4539). The covenant, which was designed to protect plaintiff from defendant's direct solicitation of business from plaintiff's principal client for two years after termination of that relationship, was narrowly drawn for this purpose *(see, Ecolab, Inc. v K.P. Laundry Mach.,* 656 F Supp 894), and thus was reasonable in geographic scope and time *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 632; *Uniform Rental Div. v Moreno,* 83 AD2d 629). A subsequent oral settlement agreement, whose authenticity was established by unchallenged tape recording, was valid and enforceable, notwithstanding the Statute of Frauds, because it was capable of being performed within one year *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Dickenson v Dickenson Agency,* 127 AD2d 983, 984).

Summary dismissal of the third cause of action, against the principal shareholder of the corporate defendant for allegedly interfering with plaintiff's contractual relations with its client for the individual defendant's personal profit and gain, was proper, in the absence of clear evidence of separate tortious acts committed outside the scope of the individual defendant's corporate representative capacity *(Rothschild v World-Wide Autos. Corp.,* 24 AD2d 861, *affd* 18 NY2d 982). Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.