■ FREDERICK BITTNER, JR., Respondent-Appellant, v RUTH CUMMINGS, Now Known as RUTH C. GROTE, et al., Appellants-Respondents.—In an action to recover damages for malicious prosecution and/or abuse of process and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated October 25, 1990, as denied their motion to dismiss the complaint on the ground that the action is time-barred, and the plaintiff

cross-appeals from so much of the same order as denied his motion to seal the court records and to allow him to prosecute the action by use of a fictitious name.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' motion to dismiss the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

In the instant action, the plaintiff contends that the defendants falsely accused him of committing an act of public lewdness on the campus of Vassar College on August 5, 1983, and caused a criminal action to be brought against him in the Justice Court of the Town of East Fishkill. On or about September 5, 1985, the plaintiff was found not guilty in the criminal action after a nonjury trial.

In December 1986 the plaintiff commenced a civil action in the United States District Court for the Southern District of New York, against the defendants herein, and various public officials. The plaintiff sought damages for alleged violations of certain Federal laws. He also asserted claims under State law to recover damages, *inter alia,* for false arrest, malicious prosecution, and abuse of process. The various claims for damages asserted under Federal law against all of the named defendants were dismissed on the merits. The State law claim based upon abuse of process was dismissed because the court declined to retain pendent jurisdiction. On April 4, 1989, the United States Court of Appeals for the Second Circuit affirmed that dismissal.

The instant action was commenced less than six months later, on or about September 28, 1989. The complaint contains two causes of action sounding in abuse of process and fraud. The defendants moved to dismiss on the ground that the causes of action sounded in malicious prosecution and were thus time-barred by the one-year Statute of Limitations. They argued that the plaintiff was not entitled to take advantage of the six-month tolling provision of CPLR 205 (a) because the claims were time-barred at the time of commencement of the prior Federal lawsuit. In opposition to the motion, the plaintiff argued that the complaint states a valid cause of action sounding in abuse of process. He argued further that such claim is governed by the three-year Statute of Limitations *(see,* CPLR 214 [5]) and therefor was not time-barred when the Federal lawsuit was commenced. The Supreme Court agreed

with the contentions advanced by the plaintiff and denied the motion to dismiss. We now dismiss the complaint.

It is unnecessary to determine whether the allegations of the complaint state a cause of action sounding in malicious prosecution or abuse of process. The operative distinction between causes of action governed by the one-year Statute of Limitations (CPLR 215), and those within the scope of the three-year Statute of Limitations (CPLR 214 [5]) is whether the cause of action sounds in an intentional tort or sounds in negligence *(see, Gallagher v Director's Guild,* 144 AD2d 261, 263). Abuse of process and malicious prosecution are both intentional torts which are governed by CPLR 215, the one-year Statute of Limitations *(see, Hansen v Petrone,* 124 AD2d 782). Under the circumstances, the first cause of action is time-barred.

In addition, assuming without deciding, that the second cause of action states a valid cause of action sounding in fraud, it is also time-barred and must be dismissed. This cause of action accrued in August 1983 when the defendants allegedly gave the police a false description of the plaintiff as the man who committed a lewd act on the Vassar College campus. The plaintiff did not assert a cause of action sounding in fraud in the prior Federal lawsuit, and thus, it was interposed for the first time in late September 1989 which is more than six years after the cause of action accrued, and more than two years after the plaintiff could, with reasonable diligence, have discovered the facts constituting the alleged fraud *(see,* CPLR 213 [8]; 203 [f]).

We further conclude that the Supreme Court did not improvidently exercise its discretion by refusing to permit the plaintiff to use a fictitious name and denying his application to seal the records of the court proceedings *(cf., Matter of Crain Communications v Hughes,* 74 NY2d 626). Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.