RIDDELL SPORTS INC., Plaintiff,

v.

Frederic H. BROOKS, Defendant.

Frederic H. BROOKS and Connecticut Economics Corporation, Counterplaintiffs,

v.

RIDDELL SPORTS INC., Riddell, Inc., Equilink Licensing Corporation, RHC Licensing Corporation, M.L.C. Partners Limited Partnership, Robert Nederlander and Leonard Toboroff, Counterdefendants.

Frederic H. BROOKS, Defendant and Third–Party Plaintiff,

v.

PURSUIT ATHLETIC FOOTWEAR, INC., Riddell Athletic Footwear, Inc., Woodco Sports, Inc., Ernest Wood, Jr., Harry Wood and Arthur Tse, Third–Party Defendants.

No. 92 Civ. 7851 (PKL).

United States District Court, S.D. New York.

Jan. 5, 1995.

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff and counterclaim defendants (Thomas J. Schwarz, Jeremy A. Berman, and Mark A. Berman, of counsel).

Molton & Meekins, New York City, for defendant and counterclaim plaintiffs (David J. Molton and Susan L. Meekins, of counsel).

*OPINION AND ORDER*

LEISURE, District Judge:

The plaintiff and counterclaim defendant Riddell Sports Inc., ("Riddell") along with the other counterclaim defendants (collectively, "counterdefendants") moves the Court to dismiss counts VII through XI of defendant and counterclaim plaintiff Frederic H. Brooks' ("Brooks"), and counterclaim plaintiff Connecticut Economics Corporation's ("CEC") (collectively, "counterplaintiffs") counterclaims, pursuant to Fed.R.Civ.P. 12(b)(6) and 8(a)(2). For the reasons stated below, counterdefendants' motion is granted in part, and denied in part.

**BACKGROUND**

Brooks is the former president and chief operating officer of Riddell. Riddell commenced the instant action against Brooks on October 9, 1992. Subsequent to the commencement of this action, Riddell amended its complaint three times. The Third Amended Complaint was filed on or about March 7, 1994, and Brooks served his answer, counterclaims, and third-party claims on or about March 30, 1994.

Riddell, *inter alia,* asserts that a fraudulent conveyance claim brought against it by the Creditor's Committee of MacGregor Sporting Goods, Inc. was instigated by Brooks. Memorandum of Law in Opposition to Counterclaim Defendants' Motion to Dismiss Count VII through XI of the Counterclaims Pursuant to Fed.R.Civ.P. Rule 12(b)(6) ("Counterplaintiff Mem.") at 3. Counterplaintiffs contend that since October 1992, Riddell has withheld approximately $350,000 in compensation owed to CEC, induced its subsidiaries to dishonor the terms of employment agreements between them and Brooks, induced the commencement of a securities fraud action against Brooks, implied Brooks as a third-party defendant in a class action against Riddell, and endeavored to impair Brooks' ability to obtain employment in the sporting goods industry. Counterplaintiff Mem. at 3. As a consequence, counterplaintiffs brought a number of counterclaims against plaintiff and the other counterdefendants.

Counterdefendants now move to dismiss counterplaintiffs' claims for: (1) tortious interference with contractual relations (Count VII); (2) tortious interference with prospective business advantage (Count VIII); (3) abuse of process (Count IX); (4) injurious falsehood (Count X); and (5) prima facie tort (Count XI) (the "counterclaims").

**DISCUSSION**

A. *Statute of Limitations*

Counterdefendants preliminarily contend that the counterclaims are barred by the statute of limitations. They argue that the gravamen of the allegations in the counterclaims is purported injury to Brooks' reputation. Counterdefendants observe that an action to recover for injuries to reputation must be commenced within one year. Counterdefendants further note that counterplaintiffs "cannot circumvent New York's one year statute of limitations for defamation by labeling a claim one for intentional interference with economic relations, prima facie tort, or injurious falsehood, 'if, in fact, the claim seeks redress for injury to reputation.'" *Aequitron Medical, Inc. v. CBS, Inc.,* 1994 WL 30414, at *8 1994 U.S.Dist. LEXIS 942, at *23 (S.D.N.Y. Jan. 27, 1994) (quoting *Entertainment Partners Group, Inc. v. Davis,* 198 A.D.2d 63, 603 N.Y.S.2d 439, 440 (1st Dept. 1993)).

1. *Injury to Reputation*

Counterplaintiffs urge the Court to apply a three-year statute of limitations, and assert that counterdefendants distort the allegations contained in the counterclaims. Counterplaintiffs state that the one-year statute of limitations applicable to libel and slander should not be applied to the counterclaims for tortious interference with contract, tortious interference with prospective economic advantage, and prima facie tort. Under New York law, when recompense for economic loss is sought rather than damages for reputational injury, all of these claims are governed by the three year limitations period set forth in section 214 of the Civil Practice

Laws and Rules ("CPLR").[1] Counterplaintiffs contend that Brooks is not primarily seeking recompense for reputational injury, but rather damages for pecuniary losses attributable to (1) Brooks' loss of consulting fee income due to Riddell's breach of its agreement; (2) the failure of Riddell and its subsidiaries to honor their contractual obligations to indemnify Brooks for certain expenses; (3) the loss of consulting fees and other income resulting from counterdefendants' tortious interference with Brooks' ability to obtain employment in the sporting goods industry; and (4) Brooks' loss of other business opportunities in the sporting goods industry.

This Court remains unconvinced by counterplaintiffs' unsupported assertions. The Court notes that counterplaintiffs' breach of contract claims, contained in counts I through VI of the counterclaims, are not subject to the instant motion to dismiss, and counterplaintiffs enumerate no other specific fees or opportunities that were lost. Aside from agreements allegedly breached by Riddell and its subsidiaries, counterplaintiffs merely assert that, due to disparaging statements, general business opportunities and potential income were lost. The Court finds that the gravamen of counterplaintiffs' allegations, in the counterclaims at issue in the instant motion, aside from the claim for tortious interference with contractual relations, is purported injury to reputation. The injury complained of by counterplaintiffs, aside from the claim for tortious interference with contractual relations, flows from the professed effect that counterdefendants' actions had on counterplaintiffs' reputation. The one-year statute of limitations contained within CPLR § 215(3) therefore applies to the counterclaims, except for the claim for tortious interference with contractual rela-

tions. This Court finds the one year limitations period applicable despite the labels which counterplaintiffs apply to their claims. *See Aequitron Medical* at *8 at *23; *Entertainment Partners,* 603 N.Y.S.2d at 440; *Santagada v. Lifedata Medical Services, Inc.,* 1993 WL 378309, at *4–5, 1993 U.S.Dist. LEXIS 13093, at *9–14 (S.D.N.Y. September 21, 1993) (PNL) (in applying a statute of limitations, the Court looks for the reality and the essence of the action and not its mere name ... if an action is one solely or primarily claiming injury to reputation, it is in the nature of a defamation action for purposes of the applicable statute of limitations, regardless of the conduct that allegedly caused the injury); *Noel v. Interboro Mut. Indem. Ins. Co.,* 31 A.D.2d 54, 55, 295 N.Y.S.2d 399, 400 (1st Dept.1968), *aff'd,* 29 N.Y.2d 743, 326 N.Y.S.2d 396, 276 N.E.2d 232 (1971).

### 2. *CPLR 203(d)*

Counterplaintiffs assert that, pursuant to CPLR 203(d), the timeliness of the counterclaims is determined as of the date the complaint was filed, October 1992. CPLR 203(d) provides, in relevant part:

(d) **Defense or counterclaim.** A defense or counterclaim is interposed when a pleading containing it is served. A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.

---

**1.** The claim for injurious falsehood is concededly governed by the one year statute of limitations contained in CPLR 215(3). *See* Counterplaintiff Mem. at 9. The parties dispute whether the claim for abuse of process is governed by the three year statute of limitations in CPLR § 214 or the one year period in CPLR § 215(3). This Court finds that the one year period is the applicable one. *See Cuillo v. Shupnick,* 815 F.Supp. 133, 135–36 (S.D.N.Y.1993) (Sweet, J.) ("[a]lthough the Court of Appeals has never spoken on

the issue, in the time since *Levine* [*v. Sherman,* 86 Misc.2d 997, 384 N.Y.S.2d 685 (Sup.Ct. Nassau Co. 1976)] was decided the Appellate Divisions of the First, Second, and Third Departments have held that abuse of process is governed by a one-year statute of limitations as an intentional tort"); *Bittner v. Cummings,* 188 A.D.2d 504, 506, 591 N.Y.S.2d 429, 430–31 (2d Dep't 1992); *Gallagher v. Directors Guild of Am.,* 144 A.D.2d 261, 533 N.Y.S.2d 863 (1st Dep't.1988).

CPLR § 203(d). Counterdefendants assert, and counterplaintiffs do not dispute, that Brooks' counterclaims for tortious interference with contract, tortious interference with prospective economic advantage, injurious falsehood and prima facie tort accrued in January 1993. Counterplaintiffs conclude that the counterclaims could not possibly be time-barred because they would not have been time-barred at the time the complaint was filed, October 9, 1992.

■ The Court finds that claims for injury to reputation and abuse of process, to the extent that they accrued between October 9, 1992 and March 31, 1993 (one year before the filing of the counterclaims on or about March 31, 1994) are time-barred. Causes of action that accrue to a defendant after the filing of a complaint are not tolled by CPLR 203(d). The practice commentary to CPLR 203(d) (formerly 203(c)) states, "[t]his rule is intended to apply to all mature counterclaims existing on the date the summons is served; conversely the rule does not apply to a counterclaim that comes into existence after the commencement of the action." McLaughlin, *Practice Commentaries,* McKinney's Cons. Law of New York Book 7B, CPLR C203:9 at 159. *See also, In Re Value Line Special Situations Fund Litigation,* 420 F.Supp. 125, 127 (S.D.N.Y.1976).

### 3. *Same Transaction and Occurrence*

Counterplaintiffs' last contention is that, even if otherwise time-barred, all of the counterclaims relate to the same series of transactions and occurrences and therefore are not barred to the extent of plaintiff's $40 million demand. Counterplaintiffs offer no support for this conclusory allegation, and this Court cannot infer from what has been alleged, that all of the counterclaims arise from the same series of transactions and occurrences upon which plaintiff's claims are founded.

### 4. *Conclusion*

■ In sum, this Court finds that the counterclaims, except for the claim for tortious interference with contractual relations to which a three-year statute of limitations applies, seek to recover damages for harm to

Brooks reputation or state a claim for abuse of process, and consequently, a one-year statute of limitations must be applied. In addition, the limitations period is not tolled by virtue of CPLR 203(d), and as a result, the counterclaims, aside from the claim for tortious interference with contractual relations, are time-barred to the extent that they involve acts that occurred after the filing of the complaint and earlier than one year prior to the filing of the counterclaims.

Accordingly, the counterclaims, except for the claim for tortious interference with contractual relations, to the extent that they concern alleged disparaging statements and abuse of process that occurred between October 9, 1992 and March 31, 1993, are time-barred.

### B. *Tortious Interference with Contractual Relations*

■ Counterdefendants assert that counterplaintiffs have not stated a claim for tortious interference with contract because they have not alleged the existence of any contract, to which counterplaintiffs are a party, that has been breached by another party to the contract. Counterdefendants note that to state a claim for tortious interference with contractual relations, a plaintiff must allege (1) the existence of a valid contract between itself and a third party for a specific term; (2) defendant's knowledge of that contract; (3) defendant's intentional procuring of its breach; and (4) damages. *See Jews for Jesus, Inc. v. Jewish Community Relations Council, Inc.,* 968 F.2d 286, 295 (2d Cir.1992); *International Minerals & Resources Inc. v. Pappas,* 761 F.Supp. 1068, 1075 (S.D.N.Y. 1991) (Leisure, J.).

In response, counterplaintiffs note that they have alleged that specific contracts were breached as a result of the counterdefendants' acts. Counterplaintiffs have alleged that Riddell breached the terms of the Consulting Agreement, dated April 15, 1992, between Riddell and Brooks, and that Riddell's breach of its contractual obligations to Brooks was tortiously induced by its co-defendants on the counterclaims. Counterplaintiff Mem. at 10. Counterplaintiffs have also alleged that Riddell and Equilink

breached the terms of employment agreements, dated April 18, 1988, between each of them and Brooks; that they have breached an agreement and assignment dated October 1990 among Brooks, Riddell and Equilink, and that they have failed to honor their indemnity agreements. Brooks contends that these contract breaches were tortiously induced by Riddell, Nederlander, and Toboroff. *Id.* at 11.

Counterdefendants maintain that these alleged contractual breaches are insufficient to state a claim because the allegation that Riddell breached its contract with Brooks does not give rise to a claim for tortious interference against Riddell's directors, officers and subsidiaries, the co-defendants on the counterclaims. Counterclaim-Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss Counts Seven through Eleven of the Counterclaim ("Counterdefendant Reply") at 10. Counterdefendants note that a director is not personally liable to one who has contracted with the corporation, on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he made decisions and took steps that resulted in the corporation's promise being broken. *See Murtha v. Yonkers Child Care Asso.,* 45 N.Y.2d 913, 915, 411 N.Y.S.2d 219, 220, 383 N.E.2d 865 (1978); *Anametrics Services, Inc. v. Clifford A. Botway, Inc.,* 159 A.D.2d 247, 552 N.Y.S.2d 238, 240 (1st Dep't.1990) (claim for interference with contractual relations dismissed in the absence of clear evidence of separate tortious acts committed outside the scope of the individual defendant's corporate representative capacity).

The Court finds that counterplaintiffs have adequately specified particular contracts that they assert have been breached. In addition, this Court finds that issues of fact exist as to the capacity in which the various officers and directors were acting when they allegedly induced the breach of those contracts. A reasonable trier of fact could conclude that one or more officers and directors induced contractual breaches using improper means or motivated by malice towards the counterplaintiffs. If it is the case that one or more officers or directors, motivated by malice and acting outside of the scope of their corporate representative capacities, induced a breach, then a claim for tortious interference with contractual relations properly lies. *See American Protein Corp. v. AB Volvo,* 844 F.2d 56, 63 (2d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988). *Cf. G.D. Searle & Co. v. Medicore Communications, Inc.,* 843 F.Supp. 895, 910–11 (S.D.N.Y.1994).

Accordingly, this Court cannot conclude that, as a matter of law, counterplaintiffs' claim for tortious interference with contract must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6).

C. *Tortious Interference with Prospective Business Advantage*

Counterdefendants next contend that Counterplaintiffs have failed to state a claim for tortious interference with prospective economic relations. Counterclaim-Defendants' Memorandum of Law in Support of their Motion to Dismiss Counts Seven through Eleven of the Counterclaim ("Counterdefendant Mem.") at 7. In order to state such a claim, a plaintiff must allege that, but for defendant's conduct, his prospective business relations would have coalesced into actual contracts. *See Fine v. Dudley D. Doernberg & Co.,* 203 A.D.2d 419, 610 N.Y.S.2d 566 (2d Dep't 1994) (plaintiff required to offer proof, in admissible form, that she would have received a contract but for the malicious, fraudulent and deceitful acts of the defendants); *Brown v. Bethlehem Terrace Associates,* 136 A.D.2d 222, 225, 525 N.Y.S.2d 978, 980 (3d Dep't 1988); *Mandelblatt v. Devon Stores, Inc.,* 132 A.D.2d 162, 169, 521 N.Y.S.2d 672, 677 (1st Dep't 1987); *Gertler v. Goodgold,* 107 A.D.2d 481, 490, 487 N.Y.S.2d 565, 572 (1st Dep't), *aff'd,* 66 N.Y.2d 946, 498 N.Y.S.2d 779, 489 N.E.2d 748 (1985); *Susskind v. Ipco Hosp. Supply Corp.,* 49 A.D.2d 915, 373 N.Y.S.2d 627, 629 (2d Dep't 1975); *Robbins v. Ogden Corp.,* 490 F.Supp. 801, 811 (S.D.N.Y.1980).[2]

**2.** "In order to state a claim for tortious interference with prospective economic advantage, a plaintiff must show (1) business relations with a third party; (2) defendants' interference with

This Court finds that counterplaintiffs have failed to allege facts sufficient for the Court to infer that counterplaintiffs would have consummated contractual relationships if not for counterdefendants' conduct. Counterplaintiffs' allegations are too vague to support a finding that they would have executed specific contracts but for interference by counterdefendants. Accordingly, counterclaim VIII must be dismissed for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). This Court, however, will grant leave to amend so that counterplaintiffs can properly assert a claim for tortious interference with prospective economic advantage.

### D. *Abuse of Process*

 Counterdefendants maintain that counterplaintiffs have not stated a claim for abuse of process. The tort of abuse of process has three essential elements: (1) regularly issued process compelling the performance or foreclosure of some prescribed act; (2) an intent to do harm without excuse or justification; and (3) the person using the process must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of process. *See Bernard v. U.S.*, 25 F.3d 98, 104 (2d Cir.1994). *See also Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 480 N.Y.S.2d 466, 468, 469 N.E.2d 1324, 1326 (1984); *Debruyn Produce Co. v. Sobiech*, No. 91 Civ 7995 (PKL), 1992 WL 168098 (S.D.N.Y. June 30, 1992) (Leisure, J.). The institution of a civil action by a summons and complaint is not legally considered process capable of being abused. *See Curiano*, 63 N.Y.2d at 116, 480 N.Y.S.2d at 468, 469 N.E.2d at 1326; *Krellman v. Livingston*, 64 A.D.2d 621, 622, 406 N.Y.S.2d 881, 882 (2d Dep't 1978); *Cuillo v. Shupnick*, 815 F.Supp. 133, 136 (S.D.N.Y.1993); *Jeff Isaac Rare Coins, Inc. v. Yaffe*, 792 F.Supp. 13, 17 (E.D.N.Y.1992).

Counterplaintiffs maintain that their abuse of process claim is not based on the mere filing of a summons and complaint, but rather is grounded in counterdefendants' improper and unlawful use of judicial process to harass Brooks and his business associates. Counterplaintiffs note that the Court's process is abused when it is used to harass, and that the prosecution of an action may be actionable as an abuse of process when the plaintiff's objective is to achieve some collateral objective unrelated to the administration of justice.

While counterplaintiffs assert that counterdefendants (1) brought the instant action, (2) encouraged others to institute a securities fraud action, and (3) brought Brooks' into a securities class action as a third-party defendant; to intimidate Brooks, to disparage Brooks' competence and integrity, and to induce Brooks to cooperate in unlawful schemes; these allegations are not sufficient to state a claim for abuse of process. The mere filing of a complaint does not give rise to a claim for abuse of process, and neither does encouraging others to institute a lawsuit,[3] nor bringing a third-party defendant into an action. Since this is the only process counterdefendants are alleged to have abused, and since counterplaintiffs assert no process prohibiting or compelling any form of performance, counterplaintiffs have not adequately stated a cause of action for abuse of process.

Accordingly, counterdefendants' motion to dismiss counterplaintiffs' counterclaim for abuse of process, pursuant to Fed.R.Civ.P. 12(b)(6) must be granted.

### E. *Injurious Falsehood*

 Counterdefendants maintain that counterplaintiffs have not adequately stated a claim for injurious falsehood. A claim for injurious falsehood must set forth the particular words which caused the alleged injury.

those business relations; (3) defendants acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means; and (4) injury to the relationship." *Purgess v. Sharrock*, 33 F.3d 134, 141 (2nd Cir.1994). In *Purgess*, the plaintiff adequately alleged specific relationships and how they were impacted by defendants' behavior. For example, plaintiff had

a specific job opportunity that was foreclosed by defendants' actions. *See id.* at 142.

3. This allegation is also time-barred, and may be improperly asserted by counterplaintiffs according to the terms of a settlement entered into by counterplaintiffs. *See* Counterdefendant Reply at 16.

*See Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 763 (2d Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Mount v. Ormond,* 1991 WL 191228 at *2 (S.D.N.Y.1991); *Kirkland v. Local 32B/ 32J Int'l Serv. Workers Union,* 1990 WL 213046, at *3; *Alexander and Alexander, Inc. v. Fritzen,* 114 A.D.2d 814, 817, 495 N.Y.S.2d 386, 389 (1st Dep't 1985), *aff'd,* 68 N.Y.2d 968, 510 N.Y.S.2d 546, 503 N.E.2d 102 (1986). In addition, actions for injurious falsehood require allegations of special damages. *See, e.g., Henkin v. News Syndicate Co.,* 27 Misc.2d 987, 989, 210 N.Y.S.2d 302, 304 (Sup.Ct.N.Y. County 1960), *aff'd* 19 A.D.2d 862, 243 N.Y.S.2d 667 (1st Dep't 1963).

This Court notes that counterplaintiffs are limited by the one-year statute of limitation period that applies to their injurious falsehood claim. Excluding statements made prior to a year before counterplaintiffs asserted their counterclaims, this Court finds that counterplaintiffs have not adequately alleged specific statements made by counterdefendants that constitute injurious falsehood. As a result, this Court need not analyze whether counterplaintiffs have sufficiently alleged special damages.

Accordingly, the Court finds that counterdefendants' motion to dismiss the tenth counterclaim for failure to state a cause of action, pursuant to Fed.R.Civ.P. 12(b)(6) should be granted.

### F. *Prima Facie Tort*

Lastly, counterdefendants maintain that counterplaintiffs have not stated a claim for prima facie tort. "Under New York law, the elements for prima facie tort are: (1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful." *Curti v. Girocredit Bank,* 1994 WL 48835, at *4 (S.D.N.Y. February 14, 1994) (Leisure, J.).

Counterdefendants contend that the Court should dismiss the prima facie tort claim because the counterclaim demonstrates that counterdefendants acted to advance their own economic interests. They note that recovery on a cause of action for prima facie tort is limited to those instances in which the sole motivation for the damaging acts was a malicious intent to injure the plaintiff. *See SRW Assocs. v. Bellport Beach Property Owners,* 129 A.D.2d 328, 332, 517 N.Y.S.2d 741, 744 (2d Dep't 1987). Counterdefendants then assert that they, at all times, acted in furtherance of their pecuniary interests. Counterdefendants further argue that, regardless of counterdefendants' motivation, the Court should dismiss counterplaintiffs' claim for prima facie tort because counterplaintiffs have failed to plead special damages.

Counterplaintiffs contend that their allegations are sufficient to state a claim because they have alleged that at least some of counterdefendants' tortious acts were motivated solely by disinterested malevolence. The Court finds that there is an issue of fact concerning counterdefendants' motivation in engaging in the various acts alleged by counterplaintiffs. This Court cannot conclude that all of counterdefendants actions were motivated entirely by pecuniary interests and that certain acts were not committed solely from a malicious intent to injure counterplaintiffs.

The Court, however, also finds that counterplaintiffs have not adequately pleaded special damages. *Cf. Curiano,* 480 N.Y.S.2d at 469, 469 N.E.2d at 1327; *Freihofer v. Hearst Corp.,* 65 N.Y.2d 135, 141, 490 N.Y.S.2d 735, 741, 480 N.E.2d 349, 354–55 (Ct.App.1985). As a consequence, counterdefendants' motion to dismiss count XI of the counterclaims should be granted. This Court, however, will grant leave to amend so that counterplaintiffs can properly assert a claim for prima facie tort.

### CONCLUSION

For the reasons stated above, counterdefendants motion to dismiss counterclaims VII through XI is granted in part and denied in part. First, the counterclaims, except the claim for tortious interference with contractual relations which is governed by a three-year statute of limitations, to the extent that they concern alleged actions that occurred between October 9, 1992 and March 31, 1993,

are time-barred. Second, counterplaintiffs' claims for: (1) tortious interference with prospective business advantage (Count VIII); (2) abuse of process (Count IX); (3) injurious falsehood (Count X); and (4) prima facie tort (Count XI) are dismissed for failure to state a cause of action. Third, counterplaintiffs are granted leave to replead their claims for tortious interference with prospective business advantage and prima facie tort. Fourth, counterdefendants' motion to dismiss counterplaintiffs' claim for tortious interference with contractual relations (Count VII) is denied. The parties are ordered to appear before the Court for a status conference on February 17, 1995 at 2 P.M. in Courtroom 1106.

**SO ORDERED.**