◼ JACK DELLA VILLA et al., Appellants, v JAMES CONSTANTINO et al., Respondents. [668 NYS2d 724] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered April 2, 1996 in Schenectady County, which, *inter alia*, granted defendants' motion to direct plaintiffs to serve an amended complaint, and (2) from an order of said court (Viscardi, J.), entered February 11, 1997 in Schenectady County, which, *inter alia*, granted defendants' motion to dismiss the amended complaint for failure to state a cause of action.

On October 24, 1995, plaintiffs commenced this action charging defendants, the Supervisor of the Town of Rotterdam and a Town zoning officer, with having engaged in a series of malicious and wrongful acts in furtherance of an alleged conspiracy to cause plaintiffs financial harm; although the theory underlying their claims was not then identified, plaintiffs have since made clear that their allegations are intended to spell out a cause of action for prima facie tort. Defendants' motion to strike the complaint as vague and ambiguous, and to strike references therein to an alleged meretricious relationship between defendants as scandalous and unnecessary, was granted and plaintiffs were directed to serve an amended complaint, omitting the improper material and more specifically outlining the separate wrongs for which they contend defendants are liable.

Following filing of an amended complaint, defendants moved to dismiss the action, contending that (1) plaintiffs' claims are time barred, (2) the conduct at issue consisted of discretionary acts within the scope of defendants' official duties, for which they cannot be held civilly liable, and (3) plaintiffs have not pleaded the requisite elements of prima facie tort. Plaintiffs cross-moved for, *inter alia*, leave to restore the allegations stricken from the original complaint and counsel fees. Supreme Court granted defendants' motion and denied plaintiffs' cross motion, and plaintiffs now appeal from that order as well as from the prior order striking the original complaint.

We affirm. Supreme Court did not err in finding that plaintiffs' initial complaint, which essentially comprised a rambling narrative of wrongdoing by defendants dating back to 1982, without indicating what portion of the $1.7 million in asserted damages resulted from each of the allegedly tortious acts or the extent to which each of the 10 plaintiffs was harmed thereby, was not sufficiently specific to permit defendants to frame a reasonable response (*see*, CPLR 3024 [a]; *Foley v D'Agostino*, 21 AD2d 60, 64). Nor was it an abuse of discretion

to direct that the allegations regarding the nature of defendants' personal relationship—which, plaintiffs' protestations aside, is irrelevant to the purported abuses of power and process that form the basis for their charges of conspiracy and prima facie tort—be omitted from the amended complaint (*see,* CPLR 3024 [b]).

Defendants' second motion was also correctly granted. All of plaintiffs' causes of action, with the exception of a portion of the ninth (and so much of the eleventh as is premised upon the same factual allegations), are untimely. As plaintiffs' motion papers emphatically confirm, their claims are predicated upon allegations of intentional wrongdoing by defendants, which is subject to a one-year Statute of Limitations (*see,* CPLR 215 [3]; *Gallagher v Directors Guild,* 144 AD2d 261, 263, *lv denied* 73 NY2d 708), commencing, at the latest, when the acts in question were completed and plaintiffs were damaged thereby (*see, Singleton v City of New York,* 632 F2d 185, 192, *cert denied* 450 US 920). As a consequence, plaintiffs are barred from recovering any damages caused by acts that occurred prior to October 25, 1994, notwithstanding their attempt to characterize the entirety of defendants' avowed wrongdoing, throughout the years, as a single "conspiracy" or a single "prima facie tort" (*see, Pravada v County of Saratoga,* 224 AD2d 764, 766, *lv denied* 88 NY2d 809; *Singleton v City of New York, supra,* at 192; *Riddell Sports v Brooks,* 872 F Supp 73, 76). And, even reading the second cause of action (a real property damage claim) as one sounding in negligence, rather than intentional tort, it is still untimely for it involves events that transpired more than three years prior to commencement of the action.

The remainder of plaintiffs' ninth and eleventh causes of action are also flawed in that they fail to causally relate their perceived damages to any specific tortious conduct of defendants, except in a wholly conclusory manner (*see, L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371, 373). In addition, many of the other causes of action also neglect to adequately demonstrate how the damages sought in connection therewith were caused by defendants' alleged misconduct.

Moreover, it is apparent from the face of the complaint that the vast majority of the acts upon which plaintiffs' causes of action are founded—among them, defendants' denial of building permit and subdivision applications; their imposition of conditions and requirements such as the filing of site, subdivision and grading plans, the posting of a bond, and the removal of debris from a building site; and their declaration of a state of emergency and concommitant awarding of a contract without

competitive bidding—were discretionary acts carried out in the course of defendants' official duties, with respect to which they are immune from civil liability (*see, Tango v Tulevech*, 61 NY2d 34, 41-42; *Cristo Bros. v Troy Urban Renewal Agency*, 116 AD2d 793, 794, *affd* 68 NY2d 819). This immunity attaches " 'however erroneous or wrong [such conduct] may be, or however malicious even the motive which produced it' " (*Rottkamp v Young*, 21 AD2d 373, 375, *affd* 15 NY2d 831, quoting *East Riv. Gas-Light Co. v Donnelly*, 93 NY 557, 559), and constitutes an alternative ground for dismissal of the bulk of plaintiffs' causes of action.*

Plaintiffs' remaining contentions, including their belief that Supreme Court should have taken some action to prevent the Town from underwriting the cost of defending this action, have been considered and found meritless.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the orders are affirmed, with costs.

---

* Specifically, the third through sixth, eighth, tenth, and much of the ninth causes of action, as well as the portion of the eleventh that relies upon the same factual allegations as underlie the aforementioned causes of action, fail for this reason.