■ THERESA HAVELL, Appellant, v AFTAB ISLAM, Defendant, and JUDD COHEN et al., Respondents. [739 NYS2d 371] —Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered July 24, 2001, which, upon orders, same court and Justice, entered April 19, 2001 and June 15, 2001, granting the motions of defendants Judd Cohen, Kurzman Karelson & Frank, LLP, and Louis I. Newman pursuant to CPLR 3211, dismissed the complaint as against those defendants, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's claim for violation of Judiciary Law § 487 since the allegations in the complaint failed to establish a chronic and extreme pattern of legal delinquency (*see, Schindler v Issler & Schrage*, 262 AD2d 226, 228, *lv denied* 94 NY2d 859) or that the actions of the attorney defendants caused plaintiff damages (*Michalic v Klat*, 128 AD2d 505, 506; *DiPrima v DiPrima*, 111 AD2d 901, 902).

Also proper was the motion court's dismissal of plaintiff's claim for prima facie tort as barred by the one-year statute of limitations. A claim for damages for an intentional tort, including a tort not specifically listed in CPLR 215 (3), is subject to a one-year limitation period (*see, Gallagher v Directors Guild of Am.*, 144 AD2d 261, 262-263, *lv denied* 73 NY2d 708), and where, as here, a reading of the factual allegations discloses that the essence of the cause of action is an intentional tort, plaintiff cannot avoid a statute of limitations bar by labeling the action as one to recover damages for a prima facie tort (*see, Della Villa v Constantino*, 246 AD2d 867, 868; *Entertainment Partners Group v Davis*, 198 AD2d 63). In any event, plaintiff failed to state a claim for prima facie tort since the allegations in the complaint fail to show that defendants-respondents acted with "disinterested malevolence" (*see, Naturman v Crain Communications*, 216 AD2d 150), and fail to state with particularity the element of special damages (*Broadway & 67th St. Corp. v City of New York*, 100 AD2d 478, 486). Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.